**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA ANN JOHNSON,

          Plaintiff,

vs.                                                                                              Case No.  3:13-cv-1290-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Patricia Ann Johnson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is based on the following: "complications from a hysterectomy, knee problems, slipped disc in [her] back, gastritis, diabetes, esophagus issues and degenerative disc disease."  Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed April 3, 2014, at 116.[2]  On about July 28, 2010, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of November 23, 2005.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed April 3, 2014; Reference Order (Doc. No. 17), signed April 4, 2013 and entered April 7, 2014.

[2] At a hearing before an Administrative Law Judge, Plaintiff's counsel stated that Plaintiff's "primary complaints are of back pain, bilateral knee pain, . . . abdominal issues, [and] chest pain." Tr. at 34.

Tr. at 175-78.[3]  Plaintiff subsequently amended her alleged onset disability date to July 2, 2008.  Tr. at 11; see Tr. at 34-36.  Plaintiff's applications were denied initially, see Tr. at 110-12, 113-15, and were denied upon reconsideration, see Tr. at 119-20, 121-22.

On December 19, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  Tr. at 27-82.  At the time of the hearing, Plaintiff was fifty-five years old.  Tr. at 38.  On April 10, 2012, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision.  Tr. at 11-19.  The Appeals Council received from Plaintiff and incorporated into the administrative transcript some additional evidence in the form of a brief by Plaintiff's counsel.  See Tr. at 5-6 (Appeals Council Exhibits List), 307-14 (brief).  On August 22, 2013, the Appeals Council denied Plaintiff's request for review, see Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.  On October 24, 2013, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: 1) "[w]hether the ALJ erred in determining that [Plaintiff] has the residual functional capacity [("RFC")] to perform light work after failing to adequately consider and accurately characterize all of the pertinent evidence and failing to recontact an examining consultative physician for clarification on her opinion"; and 2) "[w]hether the ALJ erred in failing to adequately weigh [Plaintiff's] credibility when the record clearly reveals that . . . Plaintiff suffered from documented impairments causing significant limitations."  Plaintiff's Brief Addressing Basis for Reversal of the Final Decision of

---

[3]  The application for SSI is not included in the administrative transcript.

Commissioner (Doc. No. 23; "Pl.'s Br."), filed August 4, 2014, at 3; see id. at 9-16.  On September 22, 2014, Defendant responded to the issues raised by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.").  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.  20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four where his inquiry ended based on his finding at that step.  See Tr. at 11-19.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 2, 2008,

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

the [amended] alleged onset date." Tr. at 13 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairments: osteoarthritis of the knees, mild osteoarthritis of the left shoulder, [and] degenerative disc disease." Tr. at 13 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [Plaintiff] is limited to occasional balancing, stooping, kneeling, crouching, and climbing of ramps and stairs, with no climbing of ladders, ropes or scaffolds, no crawling, and avoidance of hazards such as working at unprotected heights or around dangerous machinery.

Tr. at 14 (emphasis omitted).  At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a cashier/checker." Tr. at 19 (emphasis and citation omitted).  The ALJ concluded, therefore, that Plaintiff "has not been under a disability . . . from November 23, 2005,[5] through the date of th[e D]ecision." Tr. at 19 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d

---

[5]  This date appears to be a clerical error in the ALJ's Decision, as Plaintiff amended her alleged onset disability date to July 2, 2008 at the hearing.  The ALJ recognized the amended alleged onset date in other places of his Decision.  See Tr. at 11, 13.

1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As noted above, Plaintiff raises two issues on appeal. Each is addressed in turn.

### A. RFC

Within her first issue challenging the ALJ's RFC assessment, Plaintiff raises two arguments. First, Plaintiff contends the ALJ erred by not adequately considering evidence relating to Plaintiff's "knee issues" and evidence relating to Plaintiff's back. Pl.'s Br. at 10-11. Specifically, Plaintiff argues that the ALJ erred by characterizing her knee condition as "'mild,'" id. at 10 (quoting Tr. at 15), and by not mentioning that Plaintiff's treating physician,

Dr. William Buckingham, opined that Plaintiff's lumbar MRI showed "'some significant narrowing at 3-4, on the axial view' . . . [and that Plaintiff's] symptoms seemed to be primarily on the L4 nerve root," id. at 11 (quoting Tr. at 499). Second, Plaintiff argues that the ALJ should have recontacted Lynn Harper-Nimock, M.D., a consultative examiner, if he was unclear about her opinion. See id. at 12-13.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

In his Decision, the ALJ summarized Plaintiff's testimony and the medical evidence. See Tr. at 14-17. Pertinent to Plaintiff's arguments, the ALJ stated as follows. "In June 2008[, Plaintiff] underwent an MRI of the right knee that was consistent with mild to moderate chondromalacia patella." Tr. at 15 (citing Tr. at 579). On about November 4, 2008, Plaintiff's "treating physician Dr. William Buckingham [found] that x-rays and an MRI of the knee had been performed and were essentially normal except for mild chondromalacia. [Plaintiff] had good range of motion of the right knee on examination with

no instability or tenderness. She also had good range of motion of the left lower extremity." Tr. at 15-16 (referring to Tr. at 500-01[6]).

The ALJ also noted that "[a]n MRI of the lumbar spine was performed in January 2009 that showed an apparent disc herniation at the L1-2 level, but an x-ray of the lumbar spine in March 2009 was unremarkable, as was a chest x-ray and left ankle x-ray." Tr. at 15. According to the ALJ, in August 2009, "Dr. Buckingham ordered an MRI . . . [and it] showed no changes from the previous one performed in January 2009." Tr. at 16. Plaintiff's treatment recommendations were "[e]xercises . . . for her back discomfort" and "[a] regimen of physical therapy." Tr. at 16. Additionally, the ALJ indicated that "during the relevant period in question, none of [Plaintiff's] treating physicians . . . imposed any exertional limitations on [Plaintiff], and in fact have encouraged her to exercise more." Tr. at 18.

The ALJ also fully summarized the consultative opinion of Dr. Harper-Nimock. See Tr. at 16-17. The ALJ noted that Dr. Harper-Nimock found Plaintiff "had moderate exertional limitations," but that Dr. Harper-Nimock "did not elaborate" as to what that meant. Tr. at 19. The ALJ concluded, therefore, that Dr. Harper-Nimock's "statement [that Plaintiff had moderate limitations] is of little use and is therefore afforded little weight." Tr. at 19.

Plaintiff's arguments that the ALJ erred by not adequately considering her knee and back problems are not persuasive. A review of the ALJ's Decision reflects that he

---

[6] Based on the ALJ's summary, it is clear he is referring to Dr. Buckingham's treatment note dated November 4, 2008. See Tr. at 500-01.

considered and sufficiently addressed the medical evidence with respect to Plaintiff's knee and back, including the objective medical testing and medical opinions. See Tr. at 18-19. Simply having a problem or impairment, such as the problems or impairments Plaintiff has in her knee and back, does not automatically translate into work-related functions that an ALJ must include in an RFC. See Moore, 405 F.3d at 1213 n.6 (stating that "the mere existence of [some] impairments does not reveal the extent to which they limit [a plaintiff's] ability to work"); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) (recognizing that the severity of an impairment "must be measured in terms of its effect upon [a claimant's] ability to work"). Moreover, that the ALJ did not specifically address every piece of evidence or every finding made by every physician does not carry the day, because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ." Dyer, 395 F.3d at 1211. A review of the ALJ's Decision reflects that he summarized and considered the medical evidence and opinions in the record sufficiently for the undersigned to find that his Decision in this regard is supported by substantial evidence.

As to Plaintiff's argument that the ALJ should have recontacted Dr. Harper-Nimock, the undersigned finds this argument to be without merit. It is evident that the ALJ considered Dr. Harper-Nimock's opinion. See Tr. at 16-17, 19. The ALJ decided, after reviewing the entirety of the medical evidence and testimony, that the more-detailed opinion of the state agency medical consultant, Ronald Kline, M.D., was "well supported and consistent with the objective medical findings," and therefore deserving of "significant

weight."[7]  Tr. at 19.  Plaintiff does not directly challenge the assignment of weight to Dr. Kline's opinion.  In addition to relying on Dr. Kline's opinion, the ALJ also relied upon the medical evidence in the record in determining Plaintiff's RFC.  Plaintiff's argument that the ALJ erred by relying solely on the opinion of a non-examining physician (Dr. Kline), therefore, is not accurate or supported.  Moreover, the record here contained sufficient evidence for the ALJ to make an informed determination of Plaintiff's claims.[8]  Accordingly, the undersigned finds that the ALJ did not err by failing to recontact Dr. Harper-Nimock.

On the whole, the ALJ's Decision reflects that he considered the medical evidence and medical opinions in the record. The ALJ's Decision in this regard is supported by substantial evidence.

## B. Credibility

Plaintiff argues that "[t]he ALJ erred in failing to adequately weigh [Plaintiff's] credibility when the record clearly reveals that the Plaintiff suffered from documented impairments causing significant limitations."  Pl.'s Mem. at 14.  Specifically, Plaintiff contends that the ALJ's credibility finding "is still nothing more than boiler plate type

---

[7] The ALJ does not call Dr. Kline by name in the Decision.  The ALJ's citation to Exhibit 30F and his summary of the opinion, however, make it clear that the ALJ was referring to Dr. Kline's opinion.  Tr. at 17.

[8] "It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)).  "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."  Id. (citing 20 C.F.R. § 416.912(a), (c)).  To remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure.  Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995).  Prejudice exists when the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence.  Id. at 935. Here, no evidentiary gaps exist.

language," and Plaintiff relies on the arguments she made in her first issue in contending that "the ALJ did not accurately characterize the medical evidence." Id. at 15.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore, 405 F.3d at 1212, "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, the ALJ summarized Plaintiff's testimony, Tr. at 14-15, and "[a]fter careful consideration of the evidence, the [ALJ] f[ound] that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." Tr. at 17-18.  The ALJ reasoned that although Plaintiff "alleg[es] disability due to several impairments[,] . . . there is very little in the way of objective findings in support of her allegations." Tr. at 18.  The ALJ also summarized and discussed the multiple tests Plaintiff has undergone, her emergency room visits, and treatment notes of her physicians. See Tr. at 15-17, 18-19.  But, as the ALJ stated, "[m]ost studies were normal," and her recommended treatments were "physical therapy" and "exercise."  Tr. at 18. Plaintiff's contention that the ALJ's entire credibility finding is boilerplate language is belied by a plain reading of the ALJ's Decision.  And, to the extent Plaintiff relies on the arguments made in her first issue to say that the ALJ erred in his credibility assessment, such arguments fail for the reasons expressed above.  Upon review, the undersigned finds that the ALJ properly assessed Plaintiff's credibility and stated "explicit and adequate reasons" for discrediting her testimony to the extent it was inconsistent with the ALJ's RFC. Wilson, 284 F.3d at 1225.  Moreover, those reasons are supported by substantial evidence.

## V. Conclusion

After due consideration, it is

**ORDERED**:

-11-

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 18, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record